UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Elizabeth Vincze, | ) | 17bk09688 |
| | ) | |
| Debtor. | ) | Judge LaShonda A. Hunt |
| | ) | |
| Robert F. Harris, Cook County Public Guardian on behalf of Krystna Szatan, | ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) | 17ap00359 |
| | ) | |
| Elizabeth Vincze, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the court for ruling on the motion for summary judgment filed by plaintiff Robert F. Harris, Cook County Public Guardian ("Guardian"), in this adversary proceeding against *pro se* debtor/defendant, Elizabeth Vincze ("Vincze"). The Guardian asserts that the pre-petition judgment secured in state court against Vincze on behalf of the Estate of Krystyna Szatan ("Szatan"), is entitled to preclusive effect here. Consequently, Vincze's debt should be deemed non-dischargeable, pursuant to section 523(a)(4) of the Bankruptcy Code.[1] For the reasons that follow, the court agrees that no genuine issues of material fact exist and the Guardian is entitled to judgment as a matter of law on Count I of his complaint.

---

[1] 11 U.S.C. §§ 101 *ff*. Any reference to "section" or "Code" is a reference to the Bankruptcy Code unless another reference is stated.

## JURISDICTION

The court has jurisdiction over the parties and the subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding under 28 U.S.C. § 157.

## BACKGROUND

Vincze filed a voluntary Chapter 7 bankruptcy petition in March 2017, listing mostly unsecured debts for medical bills and credit cards, and a $65,000 judgment in favor of the Guardian. Vincze received her discharge on July 11, 2017, but prior to that date, the Guardian filed this adversary complaint challenging its debt as non-dischargeable. According to the Guardian's statement of material facts which Vincze did not dispute, the Guardian was appointed plenary guardian on behalf of Szatan in December 2015. (Plaintiff's Statement of Material Facts ("PSOF") ¶ 1). At that time, Szatan was 87 years old and had been diagnosed with several mental and physical illnesses, including advanced dementia, hypertension, hyperlipidemia, gastro-esophageal reflux disease, hypothyroidism, and edema to her lower extremities. (*Id.* ¶ 3).

A few months earlier, Vincze had begun acting as Szatan's agent pursuant to a Power of Attorney for Property executed on June 25, 2015 ("POA"). (PSOF ¶ 4). Vincze subsequently petitioned the state court to become guardian of Szatan, and in October 2015, a guardian *ad litem* was appointed to review and investigate. (PSOF ¶¶ 4-5). Due to concerns about Vincze's banking activity and financial background, the guardian *ad litem* filed a petition nominating the Guardian as Szatan's temporary guardian for Szatan. (PSOF ¶ 5). In response, the state court ordered Vincze to prepare an accounting of her activities while acting as POA. (PSOF ¶ 6). A month later, the state court appointed the Guardian as temporary guardian of Szatan and

1

suspended any and all POAs. (PSOF, ¶ 7). The state court later appointed the Guardian as Plenary Guardian for Szatan and continued the suspension of any and all POAs indefinitely. (PSOF ¶ 8).

The Guardian's investigation revealed that Vincze had gained access to Szatan's various bank accounts between August 2015 and October 2015 and withdrawn $75,000 in cash and checks. (PSOF ¶ 8; Adversary Complaint, Exhs. G, H). Vincze filed an accounting for June 2015 to November 2015 (entitled "Personal Monthly Budget"), and the state court held an evidentiary hearing on August 23, 2016, where Vincze was represented by counsel. (PSOF ¶10; *Trial Tr.* 2:6). At the conclusion of the hearing, the state court held that Vincze breached her fiduciary duty as agent under the POA for Szatan, the expenditures allegedly made as agent under the POA did not benefit Szatan, and Vincze was ordered to reimburse Szatan's estate $61,061. (PSOF ¶10).

The Guardian filed his two-count adversary complaint against Vincze, alleging non-dischargeability due to fraud or defalcalcation while acting in a fiduciary capacity under section 523(a)(4), and willful and malicious injury under section 523(a)(6). (Dkt. #1). Vincze filed an answer denying those allegations. (Dkt. #7). No discovery was conducted in this adversary matter, as the parties relied on the state court proceedings.

In March 2018, the Guardian filed a motion for summary judgment on Count I, memorandum of law in support and statement of material facts (including a copy of the trial transcript from the underlying action and various state court orders). (Dkt. ##21-23). Vincze filed a two-page response in May 2018, arguing that two issues were not addressed by the state trial court, namely: (1) "how, short of physical restraints, debtor could have prevented the beneficiary from exerting control over her own money" and (2) Vincze's capacity "to appreciate

her position and responsibilities" as POA. (Dkt. #24). The Guardian filed a reply, pointing out that Vincze was improperly attempting to relitigate issues already decided by the state trial court and that the August 23, 2016 order was final and appealable long ago. (Dkt. #25). Furthermore, Vincze failed to comply with Local Rule 7056-2(A), which requires an opposing party to serve and file a supporting memorandum of law, a concise response to the movant's statement of facts and any opposing affidavits and other materials referred to in Federal Rule of Civil Procedure 56(c)(1)(A). *See* Local Rule ("L.R.") 7056-29(A). Because Vincze failed to controvert the Guardian's statement of material facts by her own statement, those facts are deemed admitted. *See* L.R. 7056-2(B).

## DISCUSSION

### A. <u>Summary Judgment Standard</u>

A court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also* L.R. 7056-2(A)(2)(b). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "party seeking summary judgment always bears the initial responsibility of informing the ... court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, *quoting* Fed. R. Civ. P. 56(c).

Here, the only statement of material facts for the court to review was that provided by the Guardian. Because Vincze did not oppose those facts or file a statement of her own, the Guardian's facts are deemed admitted as undisputed. Where the material facts are not in dispute,

the sole issue is whether the moving party is entitled to a judgment as a matter of law. *ANR Advance Transp. Co. v. Int'l Bhd. of Teamsters, Local 710,* 153 F.3d 774, 777 (7th Cir. 1998).

### B. Dischargeability Under Section 523(a)(4)

The Guardian contends that the judgment debt owed to Szatan's estate is nondischargeable pursuant to section 523(a)(4) of the Code. Section 523(a)(4) excepts from discharge debts incurred by fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny. 11 U.S.C. § 523(a)(4). Count I of the Guardian's complaint relies on the first prong under § 523(a)(4), in asserting that Vincze committed acts of fraud or defalcation while acting as a fiduciary of Szatan. As the party seeking to establish an exception to the discharge of a debt, the Guardian bears the burden of proof. *See Banner Oil Co. v. Bryson (In re Bryson),* 187 B.R. 939, 957 (Bankr. N.D. Ill. 1995). It is well-established that exceptions to discharge are construed in favor of debtors. *Matter of Scarlata,* 979 F.2d 521, 524 (7th Cir.1992) (noting that exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor). "In sum, in order to establish that a debt is non-dischargeable for reason of fraud or defalcation while acting in a fiduciary capacity, the creditor must establish, by a preponderance of the evidence, the existence of an express trust *or* a fiduciary relationship and a debt caused by the debtor's fraud or defalcation." *Hanson & White, LLC v. Hanson (In re Hanson),* 432 B.R. 758, 775 (N.D. Ill. 2010).

### C. Collateral Estoppel

Although the Guardian asserts that issue preclusion prevents Vincze from relitigating the issues herein, collateral estoppel is the more applicable doctrine to rely upon. Collateral estoppel principles apply to dischargeability proceedings. *Grogan v. Garner,* 498 U.S. 279, 285 n. 11 (1991) ("[C]ollateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."). Thus, where a court of competent jurisdiction has previously ruled

4

against a debtor upon specific issues of fact that independently comprise elements of a creditor's nondischargeability claim, the debtor may not seek to relitigate those underlying facts in bankruptcy court. *French, Kezelis & Kominiarek, P.C. v. Carlson (In re Carlson)*, 224 B.R. 659, 663 (Bankr. N.D. Ill. 1998).

The order sought to be given preclusive effect was issued by an Illinois state court, therefore, Illinois collateral estoppel law governs. *In re Wians*, 523 B.R. 124, 129 (N.D. Ill. 2014). Under Illinois law, the elements of collateral estoppel are: (1) the issue decided in the prior adjudication must be identical to the issue in the current action; (2) the party against whom the estoppel is asserted must have been a party or in privity with a party to the prior case; and (3) there must have been a final judgment on the merits in the prior action. *In re Abraham,* 582 B.R. 202, 211 (N.D. Ill. 2018).

Here, the state court held an evidentiary hearing on the accounting that was filed by Vincze as POA. Under the applicable statute, as POA, Vincze was required to "act in good faith for the benefit of the principal using due care, competence, and diligence in accordance with the terms of the agency and shall be liable for negligent exercise." *See* 755 ILCS 45/2-7(a). The issue to be determined by this court is whether Vincze's judgment debt arose by committing fraud or defalcation while acting in a fiduciary capacity with regard to Szatan's financial affairs. *See* 11 U.S.C. § 523(a)(4).

The August 23, 2016 Order at issue was entered by a state court judge following a contested hearing and provides, in relevant part:

"THE COURT HEREBY FINDS THAT:

1. Elizabeth Vincze breached her fiduciary duty as agent under Power of Attorney for Krystyna Szatan dated June 25, 2015;

5

    2. The expenditures Elizabeth Vincze allegedly made as agent under POA on behalf of Krystyna Szatan did not benefit Ms. Szatan;

    3. Elizabeth Vincze owes the estate of Krystyna Szatan $61,061 for the deficiency in Elizabeth Vincze's accounting;

IT IS ORDERED THAT: Elizabeth Vincze is to reimburse Krystyna Szatan's Estate $61,061."

*Exhibit C to Motion for Summary Judgment on Count I*, Dkt. #21.

    The issue decided in the prior adjudication is clearly identical to the question pending before the court. Neither party disputes that the August 23 Order is a final judgment on the merits of the state court matter nor that Vincze was a party in the prior litigation and represented by counsel. Because the issues required to prove a claim under section 523(a)(4) were already adjudicated by the state court, the parties and issues were identical, and there is a final judgment on the merits, the court determines that collateral estoppel bars relitigation of those issues herein.

### D. Fiduciary Relationship

    In order to prevail under section 523(a)(4), the plaintiff must establish: (1) the existence of an express trust or fiduciary relationship between her and the debtor; and (2) fraud or defalcation committed by the debtor in the course of that relationship. *In re Barry*, 538 B.R. 739, 747 (Bankr. N.D. Ill. 2015). The Guardian here contends that Vincze owed a fiduciary duty to Szatan. The Seventh Circuit recognizes a fiduciary relationship for § 523(a)(4) purposes as a difference in knowledge or power between fiduciary and principal which gives the former a position of ascendancy over the latter. *O'Shea v. Frain (In re Frain),* 230 F.3d 1014, 1017 (7th Cir. 2000), citing *In re Marchaindo*, 13 F.3d 1111, 1116 (7th Cir. 1994). Accordingly, the debtor must have been a fiduciary prior to the time the debt arose. *Id.*

    The court finds that the Guardian has shown, by a preponderance of the evidence, that Vincze was a fiduciary to Szatan. It is undisputed that Vincze became Szatan's POA in June

6

2015 and soon thereafter had control over Szatan's finances. (PSOF ¶ 8). It is also undisputed that Szatan suffers from dementia and is disabled. (PSOF ¶ 3). Vincze "was able to control Miss Szatan…she did control Miss Szatan." (*Trial Tr.*, 82:14-16). Indeed, there was a significant and substantial difference in knowledge and power between Vincze and Szatan. Clearly, a fiduciary relationship existed.

### E. Defalcation

Now the court must address whether the undisputed facts establish that Vinzce committed defalcation. "Defalcation" means "the misappropriation of funds held in trust for another in any fiduciary capacity, and the failure to properly account for such funds." *Wians*, 523 B.R. at 130, citing *In re Bauman*, 461 B.R. 34, 45 (N.D. Ill. 2011). Defalcation has also been defined as "a failure to account for money or property that has been entrusted to another." *Green v. Pawlinski* (*In re Pawlinski* ), 170 B.R. 380, 389 (Bankr. N.D. Ill. 1994). An objective standard is used to determine defalcation, and intent or bad faith is not required. *Id.*

This court finds that the uncontested facts and state court oral rulings[2] support the Guardian's argument that Vincze engaged in acts of defalcation while acting within the capacity of a fiduciary. Vincze had a duty to make sure Szatan's assets were protected. (*Trial Tr.* 83:3-5). She failed to do that. (*Trial Tr.* 84:1-3). Similarly, Vincze did not properly account for all funds entrusted to her and presented no receipts to support her claims, despite being given ample opportunity to do so. (*Trial Tr.* 76:20-22; 82:7-11). Vincze "was in control of the money, and she is the one who was obligated not to allow that money to be sent to who knows where, who knows when." (*Trial Tr.* 83:17-20). Finally, there "was no indication that the Power of Attorney was doing her job in trying to make sure that Miss Szatan was not dissipating her assets." (*Trial*

---

[2] "Oral findings of a trial court judge regarding the rationale and reasoning behind the orders of that judge would constitute pertinent information in determination of collateral estoppel issues." *French, Kezelis & Kominiarek, P.C.*, 224 B.R. at 663.

*transcript*, 84:1-3). These findings are more than sufficient to establish defalcation for purposes of § 523(a)(4).

## CONCLUSION

Accordingly, for the foregoing reasons, the Guardian's motion for summary judgment is granted. Judgment will be entered in favor of the Guardian on Count I. The debt reflected by the August 23, 2016 final judgment is deemed non-dischargeable under section 523(a)(4).

This Memorandum Opinion constitutes the court's findings of fact and conclusions of law. A separate judgment will be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

DATED: August 21, 2018      ENTERED:

*/s/ LaShonda A. Hunt*
LaShonda A. Hunt
U.S. Bankruptcy Court Judge

8